REGAN, Judge.
The plaintiff, Thelma' Westerfield, filed this suit against the defendants, Marie B. Guichard and Allstate Insurance Company, her insurer, endeavoring to recover the sum of $978.80 for personal injuries, property damage and medical expenses which she asserts she incurred as the result of the negligence of the defendant in the operation of her motor vehicle.
The defendants answered, denied the plaintiff’s accusations of negligence, and then in the alternative pleaded her contributory negligence.
From a judgment in favor of the plaintiff in the amount of $978.80, the defendants have prosecuted this appeal.
The record discloses that a short time before the accident occurred the defendant was operating her automobile in Oleander Street toward its intersection with' Carroll-ton Avenue. At this site, Oleander Street is approximately twenty-five feet wide and it is designed to accommodate two-way traffic. The plaintiff’s automobile which was also being driven in Oleander Street, by her husband, stopped in front of her residence, her husband alighted therefrom and was entering the gate leading to their home when the accident occurred. He testified that he did not see what transpired thereafter.
The defendant explained that she was driving in Oleander Street and after she had almost passed the plaintiff’s automobile, she opened the door thereof and pushed it into the rear side of the defendant’s vehicle. On the other hand, the plaintiff testified that she looked to her rear and observed the defendant’s vehicle near the corner. She decided that she had ample opportunity in which to alight from the vehicle before the defendant reached the situs of the accident. She insists that she got out of the automobile, closed the door, and was walking toward the rear thereof when she realized that she would not be able to get out of the street in time to prevent an accident. She laboriously related that she then endeavored to avoid the defendant’s vehicle by running towards the front of her automobile and reentering the door there *20 of. She claims that before she had an opportunity to complete this incredible maneuver the defendant’s vehicle struck the front door of her automobile, which caused it to slam and injure her.
We have observed heretofore that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence and an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant. We reiterate, only for the purpose of emphasis, that there were no third persons who witnessed the accident other than the litigants. Assuming arguendo that the defendant was at fault in the operation of her vehicle, we are nevertheless compelled to reach the inevitable conclusion that the plaintiff was guilty of contributory negligence so as to bar her recovery herein. She stated that before she opened the door of her vehicle she looked to her rear and observed the defendant’s automobile approaching. If we assume that the defendant was driving at an excessive rate of speed, as the plaintiff contends, it was obviously encumbent upon her not to open the door of her vehicle and push it into the defendant’s path.
In any event the plaintiff’s statement of the manner in which the accident occurred taxes our credulity, and as a result thereof, we are convinced that she did not adhere to the facts hereof.
The more plausible facts which are inscribed in this record clearly disclose that the plaintiff was guilty of contributory negligence, and the judgment of the lower cpurt must, therefore, be reversed. In view of this conclusion, it is unnecessary for us to consider any of the procedural questions which have been posed by the defendants.
For the foregoing reasons, the judgment of the lower court is reversed, and judgment is now rendered in favor of the defendants, Marie B. Guichard and Allstate Insurance Company, dismissing the plaintiff’s suit.
The plaintiff is to pay all costs incurred herein.
Reversed and rendered.